Jackson Lewis, P.C.
Joseph J. Lynett (JL 7328)
Joseph J. DiPalma
44 South Broadway
14th Floor
White Plains, NY 10601
(914) 872-6888
*Attorneys for Defendant*
*Potbelly Sandwich Works, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

CHRISTIAN DIAZ, *on behalf of himself and others similarly situated,*

Plaintiff,

-against-

POTBELLY SANDWICH WORKS, LLC,

Defendant.

-------------------------------------------------------x

Case No.: 1:16-CV-02915

Case Assigned To:

HON. ALISON J. NATHAN

**DEFENDANT POTBELLY SANDWICH WORKS, LLC**
**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, Potbelly Sandwich Works, LLC (hereinafter "Defendant"), by and through its attorneys, Jackson Lewis P.C., for its Answer to Plaintiff's Class Action Complaint (the "Complaint") herein, states as follows:

**COUNT I**

1.     Defendant denies the allegations set forth in Paragraph "1" of Plaintiff's Complaint, except admits Plaintiff purports to proceed as alleged therein and that it maintains a website of Potbelly.com which is available to be accessed by the public.

2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "2" of Plaintiff's Complaint, except admits Plaintiff purports to proceed as alleged therein.

3.      Defendant denies the allegations set forth in Paragraph "3" of Plaintiff's Complaint.

4.      The allegations in Paragraph "4" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations set forth therein, except admits Plaintiff purports to proceed as alleged therein.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of Plaintiff's Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of Plaintiff's Complaint.

7.      Defendant denies the allegations set forth in Paragraph "7" of Plaintiff's Complaint.

8.      Defendant denies the allegations set forth in Paragraph "8" of Plaintiff's Complaint.

9.      The allegations in Paragraph "9" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations set forth therein.

10.     Defendant denies the allegations set forth in Paragraph "10" of Plaintiff's Complaint.

11.     Defendant denies the allegations set forth in Paragraph "11" of Plaintiff's Complaint, except admits Plaintiff purports to proceed as alleged therein.

## JURISDICTION AND VENUE

12.     Defendant denies the allegations set forth in Paragraph "12" of Plaintiff's Complaint, except admit that Plaintiff's purports to proceed as alleged therein.

13.     The allegations in Paragraph "13" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations set forth therein.

14.     Defendant denies the allegations set forth in Paragraph "14" of Plaintiff's Complaint, except admit that Plaintiff purports to proceed as alleged therein.

15.     Defendant denies the allegations set forth in Paragraph "15" of Plaintiff's Complaint, except admits that it is registered to do business in New York State and is located in and has been doing business in the Southern District of New York.

## PARTIES

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of Plaintiff's Complaint.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of Plaintiff's Complaint, except denies any allegations that its website Potbelly.com is inaccessible.

18.     Defendant admits the allegations contained in Paragraph "18" of Plaintiff's Complaint.

19.     Defendant admits the allegations contained in Paragraph "19" of Plaintiff's Complaint, except denies the allegations contained in the last sentence therein that

purported inaccessibility of Potbelly.com has deterred Plaintiff from enjoying the goods and services offered by Defendant.

20.     Defendant denies the allegations set forth in Paragraph "20" of Plaintiff's Complaint, except admits Plaintiff purports to proceed as alleged therein.

## CLASS ACTION ALLEGATIONS

21.     Defendant denies the allegations set forth in Paragraph "21" of Plaintiff's Complaint, except admits Plaintiff purports to proceed as alleged therein.

22.     Defendant denies the allegations set forth in Paragraph "22" of Plaintiff's Complaint, except admits Plaintiff purports to proceed as alleged therein.

23.     Defendant denies the allegations set forth in Paragraph "23" of Plaintiff's Complaint.

24.     Defendant denies the allegations set forth in Paragraph "24" of Plaintiff's Complaint.

25.     Defendant denies the allegations set forth in Paragraph "25" of Plaintiff's Complaint, including sub-paragraphs (a) through (d) contained therein.

26.     Defendant denies the allegations set forth in Paragraph "26" of Plaintiff's Complaint.

27.     Defendant denies the allegations set forth in Paragraph "27" of Plaintiff's Complaint.

28.     Defendant denies the allegations set forth in Paragraph "28" of Plaintiff's Complaint.

29.     Defendant denies the allegations set forth in Paragraph "29" of Plaintiff's Complaint.

30.     Defendant denies the allegations set forth in Paragraph "30" of Plaintiff's Complaint, except admits that Plaintiff purports to proceed as alleged therein.

## FACTUAL ALLEGATIONS

31.     Defendant admits the allegations set forth in Paragraph "31" of Plaintiff's Complaint.

32.     Defendant admits the allegations set forth in Paragraph "32" of Plaintiff's Complaint.

33.     Defendant admits the allegations set forth in Paragraph "33" of Plaintiff's Complaint.

34.     Defendant admits the allegations set forth in Paragraph "34" of Plaintiff's Complaint.

35.     Defendant denies the allegations set forth in Paragraph "35" of Plaintiff's Complaint.

36.     Defendant denies the allegations set forth in Paragraph "36" of Plaintiff's Complaint.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "37" of Plaintiff's Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "38" of Plaintiff's Complaint.

39.     The allegations in Paragraph "39" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

40.     Defendant denies the allegations set forth in Paragraph "40" of Plaintiff's Complaint.

41.     Defendant denies the allegations set forth in Paragraph "41" of Plaintiff's Complaint.

42.     Defendant denies the allegations set forth in Paragraph "42" of Plaintiff's Complaint.

43.     Defendant denies the allegations set forth in Paragraph "43" of Plaintiff's Complaint.

44.     Defendant denies the allegations set forth in Paragraph "44" of Plaintiff's Complaint.

45.     Defendant denies the allegations set forth in Paragraph "45" of Plaintiff's Complaint.

46.     The allegations in Paragraph "46" of Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

47.     Defendant denies the allegations set forth in Paragraph "47" of Plaintiff's Complaint.

48.     Defendant denies the allegations set forth in Paragraph "48" of Plaintiff's Complaint.

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "49" of Plaintiff's Complaint, but

affirmatively denies the allegations pertaining to access barriers on Potbelly.com causing inaccessibility.

50.      Defendant denies the allegations set forth in Paragraph "50" of Plaintiff's Complaint.

51.      Defendant denies the allegations set forth in Paragraph "51" of Plaintiff's Complaint.

52.      Defendant denies the allegations set forth in Paragraph "52" of Plaintiff's Complaint, including sub-paragraphs (a) through (c) therein.

53.      Defendant denies the allegations set forth in Paragraph "53" of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* – Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

54.      Defendant repeats its responses set forth in Paragraphs 1 through 53 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "54" of the Plaintiff's Complaint.

55.      The allegations set forth in Paragraph "55" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

56.      The allegations set forth in Paragraph "56" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil

Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

57.     The allegations set forth in Paragraph "57" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

58.     The allegations set forth in Paragraph "58" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

59.     The allegations set forth in Paragraph "59" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

60.     The allegations set forth in Paragraph "60" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

61.     The allegations set forth in Paragraph "61" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

62.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "62" of Plaintiff's Complaint.

63.     The allegations set forth in Paragraph "63" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

64.     Defendant denies the allegations set forth in Paragraph "64" of Plaintiff's Complaint.

65.     Defendant denies the allegations set forth in Paragraph "65" of Plaintiff's Complaint.

66.     Defendant denies the allegations set forth in Paragraph "66" of Plaintiff's Complaint.

67.     Defendant denies the allegations set forth in Paragraph "67" of Plaintiff's Complaint.

68.     Defendant denies the allegations set forth in Paragraph "68" of Plaintiff's Complaint.

69.     The allegations set forth in Paragraph "69" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292, *et seq.*)
(on behalf of Plaintiff and New York subclass)

70.     Defendant repeats its responses set forth in Paragraphs 1 through 69 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "70" of the Plaintiff's Complaint.

71.     The allegations set forth in Paragraph "71" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

72.     The allegations set forth in Paragraph "72" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

73.     The allegations set forth in Paragraph "73" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

74.     The allegations set forth in Paragraph "74" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

75.      The allegations set forth in Paragraph "75" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

76.      The allegations set forth in Paragraph "76" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

77.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "77" of Plaintiff's Complaint.

78.      Defendant denies the allegations set forth in Paragraph "78" of Plaintiff's Complaint, including sub-paragraphs (a) through (c) therein.

79.      Defendant denies the allegations set forth in Paragraph "79" of Plaintiff's Complaint.

80.      Defendant denies the allegations set forth in Paragraph "80" of Plaintiff's Complaint.

81.      Defendant denies the allegations set forth in Paragraph "81" of Plaintiff's Complaint.

82.      Defendant denies the allegations set forth in Paragraph "82" of Plaintiff's Complaint.

83.      Defendant denies the allegations set forth in Paragraph "83" of Plaintiff's Complaint.

84. The allegations set forth in Paragraph "84" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

### THIRD CAUSE OF ACTION

(Violation of New York State Civil Rights Law, N.Y. CLS Civ. R.,
Article 4 (CLS Civ. R. § 40, *et seq.*)
(on behalf of Plaintiff and New York subclass)

85. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "85" of Plaintiff's Complaint.

86. Defendant repeats its responses set forth in Paragraphs 1 through 85 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "86" of the Plaintiff's Complaint.

87. The allegations set forth in Paragraph "87" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

88. The allegations set forth in Paragraph "88" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

89. The allegations set forth in Paragraph "89" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil

Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

90.     The allegations set forth in Paragraph "90" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

91.     The allegations set forth in Paragraph "91" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

92.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "92" of Plaintiff's Complaint.

93.     The allegations set forth in Paragraph "93" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

94.     The allegations set forth in Paragraph "94" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

95.     Defendant denies the allegations set forth in Paragraph "95" of Plaintiff's Complaint.

96.     Defendant denies the allegations set forth in Paragraph "96" of Plaintiff's Complaint.

97.     Defendant denies the allegations set forth in Paragraph "97" of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

(Violation of New York City Human Rights Law,
(N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York subclass)

98.     Defendant repeats its responses set forth in Paragraphs 1 through 97 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "98" of the Plaintiff's Complaint.

99.     The allegations set forth in Paragraph "99" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

100.     The allegations set forth in Paragraph "100" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

101.     The allegations set forth in Paragraph "101" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

102.     The allegations set forth in Paragraph "102" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

103.     Defendant denies the allegations set forth in Paragraph "103" of Plaintiff's Complaint, including sub-paragraphs (d) through (f) therein.

104.     Defendant denies the allegations set forth in Paragraph "104" of Plaintiff's Complaint.

105.     Defendant denies the allegations set forth in Paragraph "105" of Plaintiff's Complaint.

106.     Defendant denies the allegations set forth in Paragraph "106" of Plaintiff's Complaint.

107.     Defendant denies the allegations set forth in Paragraph "107" of Plaintiff's Complaint.

108.     Defendant denies the allegations set forth in Paragraph "108" of Plaintiff's Complaint.

109.     The allegations set forth in Paragraph "109" of the Plaintiff's Complaint constitute conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent that a response is necessary, Defendant denies the allegations and respectfully refers the Court to the statute cited therein for its full and accurate content.

## FIFTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

110.    Defendant repeats its responses set forth in Paragraphs 1 through 109 of this Answer by reference as if fully set forth in response herein to allegations set forth in Paragraph "110" of the Complaint.

111.    Defendant denies the allegations set forth in Paragraph "111" of Plaintiff's Complaint.

112.    Defendant denies the allegations set forth in Paragraph "112" of Plaintiff's Complaint.

113.    To the extent not otherwise denied, Defendant denies Plaintiff is entitled to any relief or remedy specified in the "Wherefore" clauses set forth in the Complaint, including paragraphs 113 through and including 120.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.  Defendant also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint as a whole and each and every purported cause of action alleged therein fails to state facts sufficient to constitute a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the WCAG 2.0 AA guidelines are neither codified statutory nor regulatory authority, but rather voluntary international

guidelines for Web accessibility created by the Web Accessibility Initiative ("WAI") of the World Wide Web Consortium ("W3C") and Defendant's website is not required to be compliant with W3C voluntary guidelines.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction. The Department of Justice ("DOJ") issued an Advance Notice of Proposed Rulemaking on Accessibility of Web Information and Services Provided by Entities Covered by the ADA on July 26, 2010 ("ANPR"). *See* 75 Fed. Reg. 43,460, at 43,460 (proposed July 26, 2010) (to be codified at 28 C.F.R. pts. 35 and 36). On January 8, 2012, the DOJ announced that the agency was dividing the rulemakings to proceed with separate notices of proposed rulemakings for Title II and Title III. *See* Unified Agenda, 78 Fed. Reg. 1317, at 1415 (Jan. 8, 2013).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as neither the ADA, nor the regulations the DOJ has promulgated to date under the ADA, specifically address access to Websites. *See* ANPR (III)(B)(ii).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the Website www.potbelly.com ("Website") is not a public accommodation as that term is defined by 42 U.S.C. § 12182.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the Defendant has made alterations to the Website in accordance with the ADA such that, to the maximum extent

feasible, the Website is readily accessible to and usable by individuals with disabilities, including individuals who are visually impaired and any additional alterations are technically infeasible.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as Defendant made, was in the process of making when the lawsuit was initiated, and/or was willing to make reasonable modification to its Website, policies, practices and/or procedures to accommodate Plaintiff's alleged disabilities, including, *inter alia*, taking steps to ensure its Website complied with the WCAG 2.0 AA guidelines.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the purported barriers are *de minimis* and/or within conventional industry tolerances.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to join an indispensable party.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for his failure to allege and evidence past patronage of and intent to return with respect to the Website.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported policies, practices, procedures, and/or the conditions on the Website no longer exists or have never existed, accordingly, Plaintiff will not be subjected to the same purported barrier(s).

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred in whole or in part to the extent the Website provides equivalent or greater accessibility to Plaintiff and persons with disabilities.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is not obligated to make any alterations sought by Plaintiff that would result in a fundamental alteration in the nature of Defendant's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under Title III of the ADA and/or applicable state and local public accommodation laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

The removal of any barriers by Defendant is excused to the extent such barrier removal is infeasible and/or not readily achievable.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendant has undertaken in the place of public accommodation.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any changes Plaintiff advocates are barred to the extent they are practically difficult, pose an unnecessary hardship and/or extreme so that such changes are not required and/or are subject to exception.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they lack standing to pursue such claims.

### NINETEETH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant acted honestly and in good faith to ensure full compliance with Title III of the ADA and all other applicable state and local public accommodation laws, to the extent readily achievable and/or required by law.

### TWENTIETH AFFIRMATIVE DEFENSE

Any recovery on the Plaintiff's Complaint seeking injunctive relief is barred, in whole or in part, because Plaintiff is not entitled to such injunctive and has adequate remedies at law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims of proposed class members are barred to the extent they do not fall within the class action definition.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief because it is, and has been, Defendant's policy to comply with the ADA and related regulations or guidelines.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent Defendant is deemed not to be in compliance with the ADA or related regulations or guidelines, any such noncompliance was caused by third parties who are outside of the direct day to day control of Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not incurred any actual damages or injury.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for attorneys' fees, costs and litigation expenses is barred, in whole or in part, by the inability of the Defendant to readily achieve any remedy to the alleged barriers, Defendant's good faith efforts to accommodate persons subject to the ADA, Plaintiff's lack of good faith, and other reasons as may be discovered during the course of this lawsuit.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for attorneys' fees and costs are barred or limited by mootness and/or lack of subject matter jurisdiction to the extent that the website identified in the Plaintiff's Complaint is in compliance with the ADA, comes into compliance with the applicable requirements of the ADA during the pendency of this litigation and prior to the Court granting Plaintiffs relief.

**WHEREFORE**, having fully answered and responded to the averments of Plaintiffs' Complaint, Defendant Potbelly Sandwich Works, LLC respectfully requests that:

(a)    Plaintiff's claims be dismissed with prejudice and in their entirety;

(b)    Each and every prayer for relief contained in the Plaintiff's Complaint be denied;

(c)    Judgment be entered in favor of Defendant;

(d)    All costs, including reasonable attorneys' fees, be awarded to Defendant and against Plaintiffs pursuant to applicable laws; and

(e)      Defendant be granted such other relief as this Court may deem just and

proper.

Dated:        June 29, 2016
                White Plains, New York

                                   Respectfully Submitted:

                                   JACKSON LEWIS P.C.
                                   44 South Broadway, 14th Floor
                                   White Plains, New York 10601
                                   (914) 872-8060
                                   (914) 946-1216 Facsimile

By:                       

                                 Joseph J. Lynett (JL 7328)
                                 Joseph J. DiPalma
                                 *Attorneys for Defendant*
                                 *Potbelly Sandwich Works, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

CHRISTIAN DIAZ, *on behalf of himself and others similarly situated,*

                        Plaintiff,

         -against-

POTBELLY SANDWICH WORKS, LLC,

                   Defendant.

**Case No.: 1:16-CV-02915**

-------------------------------------------------------------

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of Defendant's Answer to Plaintiff's Complaint has been electronically filed and served via First Class mail at the addresses set forth below on the 29th day of June, 2016 on counsel for the Party who entered their notice of appearance in this matter:

C.K. Lee (CL 4086)
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, NY 10016
212-465-1188
212-465-1188 (*Facsimile*)
*Attorneys for Plaintiff Christian Diaz*

_____
Joseph J. DiPalma